# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY KIM, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipality;<br>BILL NICHOLS, an individual and in his official capacity as an officer of the City of Los Angeles; GUS VENENZUELA, an individual and in his official capacity as an officer of the City of Los Angeles and DOES 1-20, inclusive.<br><br>Defendants. | Case No. 2:13-cv-01196-RGK (SHx)<br><br>**PROTECTIVE ORDER RE L.A.P.D. RECORDS ORDERED DISCLOSED** |

Pursuant to the Court's November 6, 2013 Order (doc. 95) and the agreement of counsel as to the form of order, the Court issues the following protective order:

**A.    ITEMS COVERED BY THIS PROTECTIVE ORDER**

This protective order applies only to records, documents or other tangible items in the possession (actual or constructive) of defendants James Nichols or Luis

Valenzuela and responsive to Plaintiff's Requests for Production, First and Second Sets served on these two defendants, and which were the subject Plaintiff's *ex parte* application filed November 4, 2013 (doc. 83), and which defendants James Nichols and Luis Valenzuela have been ordered to produce (doc. 95).

**B.  USE OF RECORDS**

1. Absent further order of the Court, the items covered by this protective order may be used in this case only, including any appeals, and not for any other purpose whatsoever.

2. Items covered by this protective order, including any related copies, summaries, extracts, notes, photographs, memos, audiotapes and transcripts, shall not be disclosed to anyone, except to the following persons:

>A. The attorneys of record, their in-office staff, as well as court reporters performing services in connection with this action;

>B. Witnesses while being examined by counsel at a deposition or trial (but excluding Plaintiff Tammy Kim). However, if a protected item is attached as an exhibit to a deposition transcript, the deposition transcript including all exhibits shall be treated as protected under this protective order and *not* be distributed to any person other than attorneys of record, their staff, and the court reporter (including reporter's office personnel necessarily involved in the preparation of the transcript).

3. Except as permitted by this Order, protected items shall not be disclosed to any person, including Plaintiff Tammy Kim, as well as the Plaintiff in *Mulligan v. City of Los Angeles*, CV13-836 RGK (VBKx), the plaintiff Mulligan's attorneys, agents or representatives, EXCEPT THAT any record reflecting or constituting a statement purportedly made by Tammy Kim may be shown to Tammy Kim.

4. If a witness at deposition is questioned about any item covered by this order, those portions of the deposition transcript (as identified by transcript page number[s]) shall be treated as confidential and are *not* to be disclosed to any person except for those identified in paragraph 2(A) above.

5. If any party wishes to disclose items covered by this protective order to any person other than those listed in Paragraph 2(A) above, that party shall give written notice to the non-disclosing party so that the non-disclosing party can make a motion to prevent the disclosure. The party wishing to disclose the information will not to do so unless and until agreement with the other party is reached, or the other party's motion is ruled on by the court. If however, the other party does not file its motion within two weeks of the notice, the party wishing to disclose the information may deem the issue to have been abandoned.

6. Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals, and upon the producing party's request, Plaintiff shall return those items, along with all copies, to the producing party. Any messenger or postage fees shall be paid by the requesting party. In the alternative, the producing party may request the items be destroyed. This provision does not obligate the Court to act in a certain matter in relation to the confidential documents.

7. If Plaintiff or her counsel receives a subpoena or other request seeking items covered by this Protective Order, her counsel shall immediately give written notice to defendants' counsel, identifying the items sought and the time in which production or other disclosure is required, and shall promptly serve objections to the person issuing the subpoena on the grounds of this Order so as to afford Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure. Other than objecting on the

grounds of this Order, Plaintiff is not obligated to seek an order barring production; that obligation shall be Defendants. However, in no event should Plaintiff produce or disclose protected items pursuant to subpoena without written approval by Defendants' counsel, unless ordered to do so by a court order issuing upon a motion to compel production or disclosure.

8. At the commencement of trial, unless good cause is shown, the terms of the protective order are dissolved, except for the return of the protected items to the party providing them at the completion of the case.

9. Plaintiff's counsel shall inform persons permitted to have access to items covered by this order, that the use and dissemination of the protected items are covered by this Order, and shall further inform these persons of the terms of this Order.

10. This Order is without prejudice to any party's rights to object to the introduction of any protected item on grounds including but not limited to, relevance and privilege.

**C. OTHER**

1. The execution of this protective order shall not preclude any party from moving the Court for other or further protective orders during this action.

2. This protective order is subject to amendment and modification by further stipulation among counsel and/or by order of the Court.

*IT IS SO ORDERED:*

DATED: November 7, 2013

_____
**HON. STEPHEN J. HILLMAN**
United States Magistrate Judge

(Approval of counsel on following page)

1 | APPROVED AS TO FORM:

2 | DATED: November 6, 2013

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By _____
Donald W. Cook

DATED: November 6, 2013

**MICHAEL N. FEUER**,
City Attorney, City of Los Angeles

By _____
Geoffrey Plowden, Deputy City Attorney

DATED: November 6, 2013

**HURRELL CANTRALL LLP**
Attorneys for Defendant Luis Valenzuela

By _____
Thomas C. Hurrell

DATED: November 6, 2013

**LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
Attorneys for Defendant James Nichols

By _____
Peter J. Ferguson